# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.    99-CR-012-00-TCK |
| v. ) | |
| ) | USM Number: 08416-062 |
| STACY LYNN MALONE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant's motion to waive remaining restitution based on inability to pay (Doc. 171).

In September 1999 Defendant was sentenced after a jury finding of guilt for the offenses of conspiracy, in violation of 18 U.S.C. § 371, two counts of interference with interstate commerce and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2, carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2, and three counts of possession of a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C.§§ 924(c) and 2. Defendant was sentenced to the custody of the U.S. Bureau of Prisons for an aggregate term of 781 months. The Court further ordered Defendant to pay a $700 special assessment and restitution totaling $1,050.

The defendant moves the Court to effectively alter the amount of restitution ordered in this case. The Court's order of restitution of September 14, 1999, constitutes a final judgment, notwithstanding the fact that such sentence may be corrected, appealed, amended or adjusted under certain circumstances. 18 U.S.C. § 3664(o). Section 3664(o) references several limited circumstances in which orders of restitution may be changed, including those set out in Rule 35 of the Federal Rules of Criminal Procedure, and 18 U.S.C. §§ 3742, 3664(d)(3), 3664(k), 3572, 3613A,

3565 and 3614. The Court has carefully considered each of these statutes and finds nothing in any of the sections cross-referenced in §3664(o) that would provide a basis for the court to alter an order of restitution by decreasing the total amount of restitution to less than the full amount of loss suffered by the victims. While §§ 3664(d)(3) and 3664(k) may allow a sentencing court to modify the method and manner of payment by altering the periodic payment schedule in certain circumstances, the Court finds no authority for the proposition that a defendant may be ordered to pay restitution in an amount less than the full amount of each victim's losses. 18 U.S.C. §§ 3663A(a)(1), 3664(f)(1)(A). Further, a district court is authorized to amend a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction. District courts do not have inherent jurisdiction to modify a sentence at any time. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).

The Court will not alter the amount of restitution to be paid in this case. The Court believes that, for the reasons referenced above, it is without authority to grant the relief sought by the Defendant. In any event, the Court finds that, even if it does have authority to alter the full amount of restitution ordered, it would not do so. The Court is familiar with the workings of the Inmate Financial Responsibility Program managed by the U.S. Bureau of Prisons. Program policies provide for an inmate savings account appropriately designed to meet institutional needs, while at the same time executing on a defendant's obligation to pay a criminal monetary penalty. Participation in the program is voluntary. If Defendant chooses to participate, he has ample time to pay the modest restitution penalty imposed on the payment schedule set out in the judgment. Should Defendant refuse to participate in the program, he will be subject to the various sanctions and loss of privileges as provided by Bureau policy.

**IT IS THEREFORE ORDERED** that Defendant's motion to waive remaining restitution based on inability to pay (Doc. 171), is **dismissed for lack of jurisdiction**.

**DATED** this 22nd day of March, 2011.

_____
**TERENCE KERN**
**United States District Judge**