**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 99-CR-12-TCK** |
| | ) | |
| **STACY LYNN MALONE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Before the Court is the Defendant Stacy Lynn Malone's ("Malone's") Motion for Reduction of Sentence as supplemented filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 214, 228). On November 19, 2020, the Government filed its Response in Opposition (Doc. 217), and Supplemental Response on June 1, 2021. (Doc. 232).

Malone seeks a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018, and a combination of factors which warrant relief. The Government urges the Court to deny Malone's § 3582(c)(1)(A) motion based on the contention that Malone is not eligible for compassionate release. *Id.* Specifically, the Government argues that the First Step Act did not change the requirements for granting compassionate release, and Malone's claims do not constitute "extraordinary and compelling reasons" warranting relief. (Doc. 217, 232). Based on the following, Malone submits the Government is wrong as a matter of law as to his eligibility for relief under 18 U.S.C. § 3582(c)(1)(A). Further, Malone maintains that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors support a reduction in sentence.

### I. Background

In 1999 a jury convicted Malone of seven counts, including armed robbery, conspiracy, carjacking, and three violations of § 924(c). (See Docs. 14, 44). At the time of his convictions, Malone's first § 924(c) conviction carried a minimum 7-year (84-month) sentence, and each subsequent § 924(c) conviction carried a minimum 25-year (300-month) sentence. 18 U.S.C. § 924(c)(1)(C)(i). As required by statute, this Court ordered Malone's sentences under 18 U.S.C. § 924(c) to run consecutively to each other and to his sentences for the robbery, conspiracy, and carjacking. 18 U.S.C. § 924(c)(1)(D)(ii). In combination with 97-month concurrent terms for the conspiracy, robberies, and carjacking, Malone's three § 924(c) terms led to a total sentence of 781 months. (Doc. 65). On direct appeal, the Tenth Circuit affirmed Malone's conviction and sentence. (See Doc. 106); see also *United States v. Malone*, 222 F.3d 1286 (2000). This Court denied Malone's motion for relief under 28 U.S.C. § 2255. (See Doc. 142).

Although Malone has sought unsuccessfully to obtain relief from this sentence, in December 2018, Congress passed the First Step Act, which eliminated the practice of enhancing § 924(c) counts in a first case and empowered defendants to seek compassionate release from the courts. First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5221–22. Therefore, since Malone's sentencing in 2000, significant reforms have been made within the criminal justice system to avoid excessively long prison sentences. Although many changes have not been deemed retroactively applicable, numerous district courts have found that the massive sentencing disparities caused by recent legislation, as well as a combination of other factors, may warrant a reduction in sentence through 18 U.S.C. § 3582(c)(1)(A).

## II. Applicable Law

In December 2018, Congress enacted the First Step Act ("FSA") which modified

§3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for

modification of sentence where "extraordinary and compelling reasons warrant such a

reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). [1]

If the Court finds the exhaustion requirements are met and extraordinary and compelling

circumstances are present, the Court may reduce a term of imprisonment "consistent with

---

[1] The U.S. Sentencing Commission published data on resentencings pursuant to Section 404 of the First Step Act of 2018. Under Section 404, defendants sentenced before the Fair Sentencing Act of 2010 are eligible for a retroactive sentence reduction. Through June 30, 2020, the Commission found that 3,363 offenders were granted a sentence reduction. Of the 3,363 offenders granted sentence reduction 65.6 % were assigned to the highest Criminal History Category (IV), 56.3 % were Career Offenders, and 44.5 % received a weapon-related sentencing enhancement. United States Sentencing Commission, October 19, 2020.

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.*; See also, *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

### A. Exhaustion Requirement

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, two Courts of Appeals have recently weighed in on the subject. In *United States v. Raia*, the Third Circuit concluded that failure to comply with the statute's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

More recently, the Sixth Circuit found that a prisoner's failure to exhaust his administrative remedies did not deprive the court of subject matter jurisdiction; however, the court concluded that the exhaustion requirement "looks like a claim-processing rule, and in operation it acts like one." *United States v. Alam*, 960 Fd.3d 831, 833 (6th Cir. 2020). In so holding, the court noted:

> Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition. If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must "fully exhaust [] all administrative rights to appeal" with the prison or wait 30 days after his first request to the prison.

18 U.S.C. § 3582(c)(1)(A). *Id.*

As noted by the Government, "Malone has failed to meet the exhaustion requirement, because he has not submitted a request for compassionate release to the warden of his facility." (Doc. 217, fn. 1 at 3).  The Court finds Malone has not met the exhaustion requirements of  § 3582(c)(1)(A) and must fully exhaust his administrative rights before this Court may rule on his Motion for Compassionate Release.

Accordingly, the instant Motion is dismissed without prejudice. Malone may refile a Motion for Compassionate Release after exhaustion of his administrative rights before the warden of his facility.

**IT IS SO ORDERED this 2nd day of June, 2021.**

TERENCE C. KERN
United States District Judge